UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE R. ENJAIAN,

    Plaintiff,

v.                                      Case No. 13-13907

UNIVERSITY OF MICHIGAN, JOSE A.
DORTA, and RENÉE SCHOMP,

    Defendants.
                                /

**OPINION AND ORDER: (1) DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL, (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE, AND (3) DENYING DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiff Jesse R. Enjaian, *pro se*, filed the instant action alleging that Defendant Renée Schomp wrongfully reported criminal stalking behavior to the University of Michigan Law School and the University of Michigan Department of Public Safety. Based on Schomp's complaint, Enjaian claims that police unreasonably searched his apartment and seized various items in violation of his rights under the Fourth Amendment. Enjaian also moves to disqualify the University of Michigan's general counsel from representing Schomp in this action. Defendants in turn move for sanctions against Enjaian for filing a frivolous lawsuit. For the following reasons, the court will deny Enjaian's motion to disqualify counsel, grant Defendants' motions to dismiss, and deny Defendants' motion for sanctions.

## I. BACKGROUND

Enjaian is a former student and classmate of Schomp's at the University of

Michigan Law School.  Enjaian alleges that on December 9, 2011, Schomp made a phone call to the University Department of Public Safety complaining about two email messages that Enjaian sent to the entire Law School.  Following Schomp's phone call, university police obtained a search warrant to search Enjaian's apartment for evidence related to criminal stalking.  Police seized a laptop, cell phone, MP3 player, and four external hard drives from Enjaian's apartment.  Enjaian claims that the police held his property for 446 days before they returned it to him.

Enjaian further alleges that on March 27, 2012, Schomp emailed Defendant Sergeant Jose Dorta, a University of Michigan police officer, claiming that Enjaian possessed a firearm and "intended to use it during an act of mass-homicide." Specifically, Enjaian states:

> Schomp wrote to Dorta and another employee that she 'has considered where the best place in the Law School would be to hide in the event that Enjaian came to the School with a gun' and that a mutual friend told her he was 'so concerned about his girlfriend's safety with regard to Enjaian, that he came over to her dorm room right away carrying a baseball bat.'

(Dkt. # 9, Pg. ID 24.)  Enjaian claims that he did not learn of this email until March 2013.  No criminal stalking or any other charge was filed against Enjaian, and the University Police returned his property more than a year later, near the end of February 2013.  On September 12, 2013, Enjaian filed the instant lawsuit, alleging that Sergeant Dorta and the University of Michigan violated his Fourth Amendment right to be free from unreasonable searches and seizures, and that Schomp's "allegations" constitute libel *per se* under Michigan law.[1]

---

[1]On October 9, 2013, Enjaian filed an amended complaint which does not appear to alter anything from his original complaint.  Nevertheless, the court will consider the

## II.  STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's allegations.  The court views the complaint in the light most favorable to the plaintiff and takes all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009); *Carrier Corp. v. Outokumu Oyj*, 673 F.3d 430, 400 (6th Cir. 2012).  Only a complaint that states a plausible claim for relief can survive a motion to dismiss, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.

*Id.* at 679 (internal quotation marks, citation, and brackets and omitted). "In determining whether to grant a [motion to dismiss], the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quotation marks, citation, and emphasis omitted).

---

amended complaint in lieu of Enjaian's original complaint.

### III. DISCUSSION

#### A. Enjaian's Motion to Disqualify Counsel

On October 14, 2013, Enjaian filed an *ex parte* motion to disqualify Donica T. Varner and the University of Michigan Office of General Counsel ("OGC") from representing Schomp.[2] Enjaian argues that Varner, an attorney with the OGC, is burdened with a conflict of interest that precludes her from representing Schomp because Varner has access to the University of Michigan's internal investigation into Schomp's allegations against Enjaian. Enjaian asserts that this information is confidential, and that as a public employee, Varner cannot use such confidential information to benefit Schomp.

"A district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely. *Bowers v. Opthalmology Grp.*, 733 F.3d 647, 654 (6th Cir. 2013). The Sixth Circuit uses a three-part test to determine whether disqualification is appropriate. The court must determine whether:

> (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification.

*Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1989). "The extreme sanction of disqualification should only be utilized when there is a reasonable possibility that some specifically identifiable impropriety actually occurred,

---

[2]Three days later, Enjaian filed another motion to disqualify. No change is apparent between the two motions, and the court will consider only the most recent motion.

and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice." *DeBiasi v. Charter Cnty. of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003).  Enjaian plainly cannot satisfy the first factor of this test. Varner denies representing Enjaian in any capacity.  Enjaian does not claim that he ever had an attorney-client relationship with either Varner or the Office of General Counsel, but argues that Michigan Rule of Professional Conduct 1.11(b) prohibits Varner—and the OGC—from representing Schomp.  Michigan Rule of Professional Conduct 1.11(b) provides:

> Except as law may otherwise permit, a lawyer having information that the lawyer knows is confidential government information about a person, acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person.

Under this rule, "[t]he party seeking disqualification bears the burden of demonstrating specifically how and as to what issues in the case *the likelihood of prejudice will result*." *Rymal v. Baergen*, 686 N.W.2d 241, 266 (Mich. Ct. App. 2004) (citation and quotation marks omitted).  Enjaian has not proffered how prejudice is likely to result from Varner's representation of Schomp, and the court is unpersuaded.  As discussed *infra*, the court will dismiss Enjaian's federal claim against Sergeant Dorta and the University of Michigan and decline to exercise supplemental jurisdiction over his remaining state-law claim against Schomp.  Despite the unusual, unexplored, and unexplained appearance of a publicly-paid University attorney to represent the private interests of an individual defendant, no prejudice results from Varner's representation of Schomp because the court will not reach the merits of Enjaian's claim.  Accordingly, the

5

court will deny Enjaian's motion for disqualification of counsel.

### B. Defendants' Motions to Dismiss

Defendants University of Michigan, Sergeant Dorta, and Schomp move to dismiss Enjaian's complaint. Each Defendant is addressed in turn.

1. *Sergeant Dorta*

Enjaian alleges that Sergeant Dorta, as a sergeant in the University of Michigan police department, "established policies and procedures" and "made management decisions" regarding the search of Enjaian's electronic devices. Enjaian claims that Sergeant Dorta's actions violated his Fourth Amendment right to be free from unreasonable search and seizure. Sergeant Dorta moves to dismiss Enjaian's claim, arguing that qualified immunity protects him from suit.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation and quotation marks omitted). Because qualified immunity is an immunity from suit, the court must resolve an assertion of qualified immunity at the "earliest possible stage in the litigation." *Id.* at 232 (citation omitted). In assessing a claim of qualified immunity, the court must assess whether: (1) "the facts that a plaintiff has alleged . . . make out a violation of a constitutional right," and (2) "the right at issue was clearly established at the time of defendant's alleged misconduct." *Id.* The court may exercise its discretion in deciding which of these two prongs should be addressed first. *Id.* at 236. As the plaintiff, Enjaian "bears the burden of showing that defendants are not entitled to qualified immunity." *Chappell v. City of*

*Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).

Enjaian has not met this burden. To begin with, it is unclear exactly what Enjaian is claiming. Much of his response to Defendants' motion to dismiss consists of block quotations from a variety of cases, without any attempt at developed argumentation. To the extent that Enjaian does discuss the facts of his case, he appears to argue that Sergeant Dorta used an invasive search methodology in attempting to crack a variety of passwords present on Enjaian's computer. It appears that this cumbersome investigative methodology resulted in Enjaian's computer and other personal property—including some that had no relevance to internet communications—being retained by the investigators longer than he believes was reasonably necessary. However, the Fourth Amendment does not protect against unreasonable delay in returning lawfully seized property to the owner. *Fox v. Van Oosterum*, 176 F.3d 342, 351–52 (6th Cir. 1999). Thus, whether Enjaian is able to allege a violation of his Fourth Amendment rights turns on whether the search and seizure of that property was itself illegal.

Construed liberally, Enjaian's response argues that the affidavit supporting the search warrant did not establish a sufficient nexus between the computer equipment to be searched and the alleged stalking at issue.[3] A review of the affidavit reveals that the

---

[3]The court notes that Enjaian does not attempt to explain why or how this affidavit is insufficient. Indeed, he spends only a paragraph on the issue in his response. (Dkt. # 31, Pg. ID 2363.) "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation, brackets, and ellipsis omitted). The court easily imagines that he could have said more. *See* note 4, *infra*. Had he done so, of course,

affiant, Officer Bernard Mundt, stated, *inter alia*, that he received reports that Enjaian had engaged in behavior and that he "feels" that Plaintiff was "intentionally stalking Schomp." (Dkt. # 31-4, Pg. ID 2392–94.) Officer Mundt, however, is not a defendant in this lawsuit. Enjaian asserts that "the U-M campus police at Ann Arbor is a very small department," and that Sergeant Dorta "established polices and procedures and has made management decisions for the search and seizure of computer evidence during criminal investigations." Beyond that, Enjaian does not explain how the supervisor, Dorta, as opposed to the affiant, Mundt, violated his constitutional rights in connection with the creation of what certainly is a very sparse, and likely insufficient, warrant affidavit.[4] Nor does he specify which policies and procedures he disagrees with. Because Enjaian has not alleged anything other than vague and conclusory assertions

---

there likely would have been a more fulsome response.

[4] The affidavit avers that Schomp had received email messages from Plaintiff over a period of time that "made her feel uncomfortable" and that she "notified" Enjaian to stop. He apparently did. Subsequently, Schomp related that a friend of hers received some text messages from Plaintiff that "include[d] implied threats" such as "his apparent intent to do something "not that serious. Just enough to make her feel crappy." (Dkt. # 23-3, Pg. ID 269.) Finally, Schomp reported to the affiant that she was one recipient among many when two additional messages were sent by Plaintiff to a large number of law students. (*Id.*) None of this information supports a conclusion of criminal stalking under Michigan law. Although it appears that a Washtenaw County assistant prosecutor probably assisted in supervising the search warrant application, an assistant prosecutor of the same office detailed the facts revealed in the investigation—there were none other than those presented in the search warrant application—and properly explained how the stated facts, even if true, could not support a charge of stalking: "These two contacts do not constitute the crime of stalking . . . ." (Dkt. # 23-4, Pg. ID 274.) This explanation is not a mere discretionary determination that the facts are too controverted, or the evidence too equivocal, or the office too burdened by other work to justify devoting resources to a relatively insignificant offence. It is a plain and simple statement that no crime at all had been committed. If exactly the same evidence, taken as true, could not support a warrant to arrest, it is difficult to understand how it could support a warrant to search.

8

connecting Sergeant Dorta to the alleged constitutional violation, the court concludes that Enjaian has failed to allege a violation of his constitutional rights. Enjaian's claim against Sergeant Dorta will be dismissed without prejudice.

    2. *The University of Michigan*

Enjaian seeks a judgment against the University of Michigan declaring that the search warrant issued to the University of Michigan Police Department was overbroad and in violation of the Fourth Amendment. The University of Michigan moves to dismiss this claim, arguing that, as a Michigan state department, it is entitled to immunity from suit under the Eleventh Amendment.

The Eleventh Amendment provides, in relevant part:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]

U.S. Const. amend. XI. "This immunity is far reaching. It bars all suits, whether for injunctive, *declaratory* or monetary relief, against the state *and its departments*, by citizens of another state, foreigners or its own citizens. *Thiokol Corp v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (emphasis added). Enjaian's complaint concedes that the University of Michigan is a state agency. (Dkt. # 9, Pg. ID 22.) Although state officials may be sued in their official capacity for prospective injunctive or declaratory relief, *see Thiokol*, 987 F.2d at 381, no such official appears as a defendant in the instant lawsuit.[5] Enjaian's claim against the University of Michigan is barred by the Eleventh Amendment and will therefore be dismissed without

---

[5] Enjaian does not bring any claims against Sergeant Dorta in his official capacity. (Dkt. # 31, Pg. ID 2363.)

9

prejudice.

### 3. Renée Schomp

Enjaian also alleges that Schomp's report to police constitutes libel *per se* under Michigan law. Mich. Comp. Laws § 600.2911. However, because Enjaian's only federal claim has been dismissed, the court declines to exercise supplemental jurisdiction over Enjaian's state-law claim. 28 U.S.C. § 1367(c)(3). *See also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ."). Accordingly, Schomp's motion to dismiss will be granted.

### C. Defendants' Motion for Sanctions

Defendants collectively ask the court to sanction Enjaian for filing a frivolous lawsuit. Defendants assert that Enjaian filed the instant lawsuit with the sole purpose of harassing, annoying, and intimidating each Defendant, particularly Schomp. Defendants argue that: Enjaian's claim against Schomp is barred by the applicable one-year statute of limitations, his claim lacks any evidentiary support, Enjaian will continue to file frivolous actions, and that Enjaian "attempted to mislead the court regarding his employment and financial status." Enjaian denies that he filed his suit with the intent to harass anyone, states that the statute of limitations should be tolled because of his belated discovery of Schomp's allegedly defamatory statements, and denies perjuring himself with regard to his income and employment information. After reviewing the materials submitted by the parties, the court is not convinced that sanctions are necessary. Nor, given the relatively perfunctory manner in which

10

Defendants presented their arguments, does the court believe further explanation and analysis to be necessary. Accordingly, Defendants' motion for sanctions will be denied.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's motions for disqualification of counsel (Dkt. ## 13, 15) are DENIED.

IT IS FURTHER ORDERED that Defendants' motions to dismiss (Dkt. ## 22, 23) are GRANTED WITHOUT PREJUDICE.  This lawsuit is dismissed.

IT IS FURTHER ORDERED that Defendants' motion for sanctions (Dkt. # 37) is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  July 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 23, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522