UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE R. ENJAIAN,

    Plaintiff,

v.                                            Case No. 13-13907

UNIVERSITY OF MICHIGAN, JOSE A.
DORTA, and RENÉE SCHOMP,

    Defendants.
                                                            /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 23, 2014, the court issued an opinion and order dismissing Plaintiff Jesse Enjaian's amended complaint. Later that evening, Enjaian moved for reconsideration, arguing that the court did not address his citation to *United States v. Richards*, 659 F.3d 527 (6th Cir. 2011), in its opinion and order.

The local rule provides:

> the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and the other persons entitled to be heard on the motion have been misled *but also show that correcting the defect will result in a different disposition of the case*.

E.D. Mich. L.R. 7(h)(3) (emphasis added). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

Enjaian has not met this burden. In his motion for reconsideration, Enjaian argues that the court wrongfully failed to consider whether Sergeant Dorta used the

least intrusive means to search his computer.  This renewed assertion references an argument that Enjaian made in his response to Defendants' motion to dismiss:

> Dorta seized my entire music and media library, compiled a list of all the combinations and permutations of the artists' names and song names, then tried to decipher the encrypted data by using each key one-at-a-time to open the "door."  Furthermore, Dorta looked at nearly 3,000 of my text messages (and more of my email), including those to my girlfriend at the time, my mother, my sister, my friends from high school, etc., and from those he, apparently, selected approximately 175 as "evidence."  Instead, Dorta could have conducted a keyword search to limit his egregious intrusion upon my privacy.

(Dkt. # 31, Pg. ID 2375.)  Although Enjaian's response contained detailed allegations regarding Sergeant Dorta's involvement in the search of his electronic files, neither his complaint nor his amended complaint meaningfully connect Sergeant Dorta to the search of Enjaian's computer.  Instead, as noted in the court's opinion and order, the amended complaint alleges that Sergeant Dorta "established policies and procedures" and "made management decisions" during "criminal investigations," *generally*.  (Dkt. # 9, Pg. ID 22.)  But it is not evident from the amended complaint how Sergeant Dorta was involved in the incidents giving rise to Enjaian's lawsuit, *specifically*.  Thus, Enjaian's amended complaint remains deficient for failing to connect Sergeant Dorta to the alleged constitutional violations, and dismissal remains appropriate.  (Dkt. # 39, Pg. ID 2695–96.)

Assuming, *arguendo*, that the amended complaint provided this connection, it is still unclear whether *Richards* truly supports Enjaian's position.  Enjaian argues that *Richards* stands for the proposition that "the searching officer must first try the least intrusive method to obtain the evidence described in the search warrant."  (Dkt. # 40, Pg. ID 2705.)  This may be true, but *Richards* also states that "hindsight is 20/20" and

that "so long as the computer search is limited to a search for evidence explicitly authorized in the warrant, it is reasonable for the executing officers to open the various types of files located in the computer's hard drive in order to determine whether they contain such evidence." *Richards*, 659 F.3d at 540–41 (quotation marks and brackets omitted). And to the extent that Enjaian argues that the warrant was facially overbroad, he waived this argument by presenting it in a perfunctory manner, leaving it to the court to make the argument for him. (Dkt. # 39, Pg. ID 2694–95.) Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" (Dkt. # 40) is DENIED.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: July 28, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522